**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL ZALVIN, <br><br>            Plaintiff, <br><br> vs. <br><br> GENTEX CORPORATION, <br><br>            Defendant. | Case No.: <br><br> **COMPLAINT** |

Plaintiff Joel Zalvin ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Gentex Corporation ("Gentex" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

**NATURE OF THE ACTION**

1. On April 2, 2019, Gentex filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting') scheduled to take place on May 16, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The third proposal ("Proposal 3") contained in the Proxy Statement seeks shareholder action, by way of a vote, "[t]o approve the Gentex Corporation 2019 Omnibus Incentive Plan" (the "Plan").

2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proposal 3, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item

10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished.

3. Proposal 3 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of Schedule 14A. Accordingly, Plaintiff, a Gentex shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proposal 3 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were or will be mailed to Gentex shareholders residing in this District. Gentex also trades on the NASDAQ, which is based in New York.

## PARTIES

7. Plaintiff, a Gentex shareholder as of March 18, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8. Gentex provides digital vision, connected car, dimmable glass, and fire protection products worldwide. The Company's common stock trades on the NASDAQ under the ticker

"GNTX" and "[t]here were 256,885,095 shares of the Company common stock outstanding as of March 18, 2019, and, accordingly, entitled to vote at the meeting."

## WRONGFUL ACTS AND OMISSIONS

9. Gentex has scheduled its Annual Meeting for May 16, 2019, and the Record Date to vote on the proposals in the Solicitation as March 18, 2019.

10. Gentex's "Board of Directors unanimously recommends that [shareholders] vote for the approval of the Gentex Corporation 2019 Omnibus Incentive Plan."

11. The purpose of the Plan, which would become effective immediately upon shareholder approval, is "to attract and retain directors, officers, and other employees Gentex Corporation and its Subsidiaries and to motivate and provide to such persons incentives and rewards for performance."

12. The Solicitation states, with respect to Proposal 3, in part, that:

> In February 2019, our Compensation Committee and Board of Directors approved the 2019 Gentex Corporation Omnibus Incentive Plan or 2019 Omnibus Plan, subject to shareholder approval. The 2019 Omnibus Plan provides for the potential awards to: i) employees; and ii) non-employee directors of the Company or its subsidiaries, which awards may be stock options [both incentive stock options ("ISOs") and non-qualified stock options ("NQSOs"] (collectively, "Options")), appreciation rights ("ARs"), RS, restricted stock units ("RSUs") and PSAs, and performance units ("Performance Units") (collectively, "Performance Awards") and other awards that are stock-based, cash-based or a combination of both ("Other Awards") (collectively, "Awards"). The 2019 Omnibus Plan is intended to replace the Company's shareholder approved Employee Stock Option Plan, Second Restricted Stock Plan, and Amended and Restated Non-Employee Director Stock Option Plan ("Prior Plans"), upon shareholder approval (though first quarter 2019 grants to non-officer employees will be made under the Prior Plans since the 2019 Omnibus Plan has not yet been approved by Shareholders). Any existing awards previously granted under the prior plans, including those made to non-officers in the first quarter of 2019, will continue to remain outstanding in accordance with their terms and be governed thereby. If, however, the 2019 Omnibus Plan is approved by the shareholders, all future Awards thereafter

will be made under the 2019 Omnibus Plan, including those made to officers as described in the Compensation Discussion and Analysis as set forth above. If the 2019 Omnibus Plan is not approved by our shareholders, it will not be adopted, and we will continue to operate under the Prior Plans until their expiration, including for officers.

* * *

A summary of the 2019 Omnibus Plan is set forth below. This summary is qualified in its entirety by reference to the full text of the 2019 Omnibus Plan, which is attached as Appendix B.

*General Plan Information.* The 2019 Omnibus Plan is intended to permit the grant of Options (both ISOs, NQSOs or a combination of both), ARs, RS, RSUs, Performance Awards and Other Awards. All Awards granted under the 2019 Omnibus Plan will be governed by separate written or electronic agreements or other evidence of award between the Company and each participant. The evidence of award will specify the terms and conditions of the Award. No right or interest of a participant in any Award will be subject to any lien, obligation or liability of the participant. The laws of the State of Michigan govern the 2019 Omnibus Plan and any Awards granted thereunder.

*Administration.* We will bear all expenses of administering the 2019 Omnibus Plan. Our Compensation Committee will administer the 2019 Omnibus Plan and have the authority to grant Awards to participants upon such terms and conditions (not inconsistent with the provisions of the 2019 Omnibus Plan) as may be considered appropriate. The interpretation and construction by the Compensation Committee of any provision of the 2019 Omnibus Plan or of any evidence of award, and any determination by the Compensation Committee pursuant to any provision of the 2019 Omnibus Plan or of any evidence of award, are considered final and conclusive. To the extent permitted by law as well as limits under the 2019 Omnibus Plan, the Board of Directors or the Compensation Committee, as applicable, may, from time to time, delegate to one or more of its members or to one or more officers of the Company, or to one or more agents or advisors, administrative duties or powers as it may deem advisable, and the Board of Directors, the Compensation Committee or any person to whom duties or powers have been delegated, may utilize third parties to provide advice with respect to any responsibility the Board of Directors or the Compensation Committee or such person may have under the 2019 Omnibus Plan. The Board of Directors or the Compensation Committee may, to the extent permitted, authorize one or more of

>our executive officers, including our President and CEO, to do one or both of the following on the same basis as the Compensation Committee: (i) designate participants to be recipients of Awards; and (ii) determine the size of any such Awards. The authorized officer(s) are required to report periodically to the Compensation Committee regarding the nature and scope of the Awards granted pursuant to the authority delegated. This authority may not be delegated with respect to Awards to any executive officer, director or owner of more than 10% of the Company's equity securities.

13. Proposal 3 fails to provide legally required information because it provides insufficient information for Gentex shareholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

>If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
>**(a)** *Plans subject to security holder action.*
>
>**(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 3 tells Gentex's shareholders the following about who may receive these awards:

>*Eligibility for Participation.* Any of our employees, employees of our subsidiaries and non-employee members of our Board of Directors are eligible to receive an Award under the 2019 Omnibus Plan. ISOs, however, may only be granted to employees of the Company or as otherwise permitted by law. Because the 2019 Omnibus Plan provides for broad discretion in selecting participants and in making Awards, the total number of persons who will participate in the 2019 Omnibus Plan and the benefits that will be provided to the participants cannot be determined at this time.

15. The above excerpt merely states categories of persons, but it does not explain how many persons are in each class.

5

16. Proposal 3 provides no information regarding how many participants may be awarded the compensation from the Plan that shareholders are being asked to approve.

17. As a result of the above defects, the Solicitation does not identify how many participants in each class of persons who will be eligible to participate in the Plan may be awarded the additional 45,000,000 shares of Gentex common stock reserved for issuance under the Plan (worth approximately $975 million) that shareholders are being asked to approve.

18. The preceding paragraphs state a direct claim for relief against Gentex under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

19. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 45,000,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

20. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 3 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

21. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Item 10(a)(1), and which is timely furnished to shareholders.

22. Gentex should be enjoined from presenting Proposal 3 for a shareholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 3 unless the appropriate disclosures are timely furnished.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Gentex, as follows:

(A)　A preliminary and permanent injunction, enjoining Gentex from:

　　i.　certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 3 unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Item 10(a)(1) is timely furnished to shareholders; and

　　ii.　presenting Proposal 3 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B)　A preliminary and permanent injunction requiring Gentex to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Item 10(a)(1) that is cured of material disclosure defects pursuant to Section 14(a);

(C)　Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Gentex's shareholders to the extent that a common benefit is conferred, and;

(D)　Granting such other and further relief as this Court may deem just and proper.

Dated: April 16, 2019

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

/s/ Michael J. Klein
Michael J. Klein
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

**Attorneys for Plaintiff**