UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOEL ZALVIN,

                    Plaintiff,                      **MEMORANDUM AND ORDER**

      - against -                                                   19-CV-2215 (RRM) (RML)

GENTEX CORPORATION,

                    Defendant.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Joel Zalvin voluntarily dismissed this shareholder derivative action after defendant Gentex Corporation ("Gentex") took the action demanded in the complaint, thereby mooting Zalvin's case. Zalvin then moved, "pursuant to Federal Rule of Civil Procedure 54(d)(2) and pursuant to the Court's inherent power to award attorneys' fees," to recover the expenses of prosecuting this action, including attorney's fees. (Notice of Plaintiff's Motion for an Award of Attorney's Fees (Doc. No. 15) at 2.) In a letter motion dated May 24, 2019, Gentex now moves to strike that motion, relying on two district court opinions from the Ninth Circuit which hold that fees cannot be awarded under Rule 54 absent a "judgment," and that a notice or stipulation of dismissal does not constitute a "judgment" as defined in Rule 54(a). For the reasons set forth below, Gentex's motion is denied and Zalvin's motion for attorney's fees is referred to Magistrate Judge Levy to hear and determine.

## BACKGROUND

      On April 16, 2019, Zalvin commenced this shareholder derivative action against Gentex under section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), alleging that a proposal in Gentex's proxy statement which sought shareholder approval of the corporation's "2019 Omnibus Incentive Plain" failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934, 17 C.F.R. § 240.14A-101.

(Complaint (Doc. No. 1) at ¶¶ 1–2.)  Zalvin's complaint sought, among other things, a mandatory injunction requiring Gentex to "furnish a supplemental proxy statement with the information required by [Schedule 14A]." (*Id.* at 7.)  Zalvin also sought an award of "reasonable attorney's fees and expenses incurred in bringing this action and creating a benefit for all of Gentex's shareholder to the extent that a common benefit is incurred." (*Id.*)

On April 23, 2020, less than ten days after the complaint was filed, Gentex issued a supplemental disclosure of the sort requested in Zalvin's complaint.  (Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees (Doc. No. 15-1) at 3.)  On May 6, 2020, recognizing that his action had become moot, Zalvin voluntarily dismissed the action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  (*Id.*; Notice of Voluntary Dismissal (Doc. No. 14).)  Fourteen days later, Zalvin moved for an award of attorney's fees "pursuant to Federal Rule of Civil Procedure 54(d)(2) and pursuant to the Court's inherent power to award attorneys' fees," asserting that this action "conferred a substantial benefit upon Gentex and its shareholders by, *inter alia*, curing a violation of the Securities Exchange Act of 1934." (*See* Notice of Plaintiff's Motion for an Award of Attorney's Fees (Doc. No. 15) at 2.)

In a letter dated May 24, 2020, Gentex now moves to strike Zalvin's motion for attorney's fees on two grounds.  (Letter Motion (Doc. No. 16).)  First, Gentex argues that Zalvin ignored the Court's Individual Rules by failing to seek permission to bring the motion.  (*Id.* at 1–2.)  Second, Gentex argues that Zalvin cannot move for attorney's fees under Rule 54 of the Federal Rules of Civil Procedure because a judgment was never entered in this case.  (*Id.* at 2–3.)  In support of the latter proposition, Gentex principally relies on two cases decided by district courts in the Ninth Circuit – *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190 (S.D. Cal. 2018), and *Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123 (D. Or. 2017) – which held that a "judgment," as defined in Rule 54(a) is a prerequisite to an award of attorney's fees under

Rule 54.  (Letter Motion at 2.)  Gentex also cites to the Supreme Court's decision in *Microsoft v. Baker*, 137 S. Ct. 1702 (2017), and to the Second Circuit's decision *United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11 (2d Cir. 2019), for the proposition that voluntary dismissal is appealable and, therefore, not a "judgment."  (Letter Motion at 2–3.)

## DISCUSSION

### A. <u>Zalvin followed the Court's Individual Rules</u>

Gentex's first argument misconstrues the Court's Individual Rules.  These rules require that a prospective movant request a pre-motion conference prior to filing "any dispositive motion, motion for a change of venue, or motion to amend a pleading pursuant to Federal Rule of Civil Procedure 15."  Individual Rules § III.A.2.  They do not require that a prospective movant seek permission to file a post-trial motion.  *Id.* § III.A.4 ("No pre-motion conference shall be required for post-trial motions.").  Accordingly, Gentex was not required to request a pre-motion conference or briefing schedule prior to filing its motion for attorney's fees.

### B. <u>Zalvin's Voluntary Dismissal does not Preclude an Award of Attorney's Fees</u>

Although Zalvin's Notice of Motion for an Award of Attorney's Fees states that the motion is brought "pursuant to Federal Rule of Civil Procedure 54(d)(2)," (Notice of Motion at 1), that rule does not provide the sole basis for relief.  Indeed, the Notice of Motion further states that the motion is also brought "pursuant to the Court's inherent power to award attorney's fees, because his prosecution of this Action has conferred a substantial benefit upon Gentex and its shareholders …."  (Id. at 1–2.)  This language implies that Zalvin is not only pursuing attorney's fees under the law – Rule 54 – but also pursuing equitable relief under the "common benefit doctrine."

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421

U.S. 240, 247 (1975). "Since the nineteenth century, however, the Supreme Court has recognized an equitable exception to this rule – known as the common fund or common benefit doctrine – that permits litigants or lawyers who recover a common fund for the benefit of persons other than themselves to obtain reasonable attorney's fees …." *In re Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 128 (2d Cir. 2010). This doctrine arises from the equitable doctrine of unjust enrichment, since "[t]o allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense." *Id.* at 392.

The fact that a lawsuit "has not yet produced, and may never produce, a monetary recovery from which the fees could be paid" does not preclude an award based on this equitable doctrine. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392 (1970). "It is well established that non-monetary benefits, such as promoting fair and informed corporate suffrage, … may support a fee award." *Koppel v. Wien*, 743 F.2d 129, 134–35 (2d Cir. 1984) (citing *Mills*, 396 U.S. at 396–97.) "It is also clear that an award of plaintiffs' attorney's fees is not precluded because no judgment or consent decree was entered and the complaint was dismissed as moot." *Id.* at 135. "Fees may be awarded even when there is no judgment on the merits or when the dispute has become moot because the relief sought is otherwise obtained." *Id.* (citing *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982)).

Since the common benefit doctrine permits recovery of attorney's fees absent a judgment, there is no need to reach Gentex's argument that a judgment is a prerequisite to the recovery of attorney's fees under Rule 54. However, the Court notes that Gentex's argument relies solely on two opinions authored by district courts in the Ninth Circuit. The first of these cases – *Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123 (D. Or. 2017) – held that "there must be a judgment for a party to be entitled to recover attorney's fees under Rule 54, although 'judgment'

4

is defined in that rule to include 'a decree and any order from which an appeal lies.'" *Id.* at 1130 (quoting Fed. R. Civ. P. 54(a)). Noting that the Supreme Court's decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), abrogated Ninth Circuit cases holding that a stipulated dismissal was appealable, *Keith* held that attorney's fees were not available under Rule 54 in cases in which the plaintiff filed a notice of voluntary dismissal. The second case – *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190 (S.D. Cal. 2018) – follows *Keith*.

No other court in the Ninth Circuit or elsewhere has followed *Keith* and/or *German*. To the contrary, at least one other district court in that circuit has expressly declined to follow *Keith*. *See, e.g.*, *Killer Burger v. Rock & Roll Chili Pit, Inc.*, No. 3:17-CV-01219 (MO), 2018 WL 1156237 (D. Or. 2018) (allowing for recovery of fees due to a stipulation in the dismissal). In addition, the Tenth Circuit has expressly declined "to read *Microsoft* as supporting the conclusion that a Rule 41(a)(1)(A)(ii) dismissal does not produce a judgment for purposes of a motion for attorneys' fees under Rule 54." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1135–36 (10th Cir. 2018). Since the district opinions cited by defendant are far from settled law, even in the Ninth Circuit, and are not controlling on this Court, the Court would decline to follow them.

Although the Court concludes that attorney's fees can be awarded in this case despite the absence of a "judgment," as defined in Rule 54(a), that conclusion does not mandate an award of fees in this case. "In cases where something short of a judgment by the court resolves a lawsuit …, a plaintiff must demonstrate that the litigation was the catalyst or a proximate cause for a result that produces benefits for the whole class." *New Leadership Comm. v. Davidson*, 23 F. Supp. 2d 301, 308 (E.D.N.Y. 1998) (citing *Koppel*, 743 F.2d at 134–35). The question of whether Zalvin has made that showing shall be determined in the course of adjudicating Zalvin's

motion for attorney's fees, which is respectfully referred to Magistrate Judge Levy to hear and determine.

## CONCLUSION

For the reasons stated above, Gentex's motion to strike Zalvin's motion for attorney's fees is denied. Zalvin's motion for attorney's fees is respectfully referred to Magistrate Judge Levy to hear and determine.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge